UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EDWARD CIAVONE,

        Plaintiff,

Case No. 1:08-cv-771

Hon. Robert J. Jonker

vs.

KEN MCKEE, *et al.*,

        Defendants.
        _____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. Plaintiff's 46-page complaint alleges that while he was incarcerated at the Riverside Correctional Facility and Bellamy Creek Correctional Facility in Ionia, 20 separate defendants were deliberately indifferent to his needs (i.e., serious medical needs, serious psychological needs, health and safety, and safe living conditions); interfered with his access to the courts; and deliberately inflicted mental torture and emotional distress. Plaintiff seeks damages and injunctive relief. This matter is now before the court on plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 42).

Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.

*See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984).  Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995).  Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts.  *Bell v. Wolfish,* 441 U.S. 520, 547 (1979).  Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial."  *Id.* at 548.  For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

In the present case, it is unnecessary for the court to address the merits of plaintiff's request for either a temporary restraining order or preliminary injunction.  On January 5, 2009, plaintiff filed this motion seeking injunctive relief against certain staff members at the Macomb Regional Facility (Macomb).  Plaintiff has alleged that in December 2008, the Macomb staff members (none of whom are defendants in this lawsuit) harassed and retaliated against him for filing the lawsuit.  *See* docket nos. 42, 43.  The record reflects that plaintiff was transferred from Macomb sometime prior to February 11, 2009. *See* docket no. 57.  Plaintiff's transfer from Macomb rendered his claims for injunctive relief against that facility's staff moot.  *See Henderson v. Martin*, 73 Fed. Appx. 115, 117 (6th Cir. 2003) (prisoner's claim for injunctive relief against prison officials became moot when prisoner was transferred from the prison of which he complained to a different facility); *Kensu v. Haight*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for declaratory and injunctive relief for prison staff's improper examination of his legal mail found moot because he was no longer confined at the facility that searched his mail).

Accordingly, I respectfully recommend that plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 42) be **DENIED**.

Dated:  May 18, 2009                                            /s/ Hugh W. Brenneman, Jr.
                                                                HUGH W. BRENNEMAN, JR.
                                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).