UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EDWARD CIAVONE,

        Plaintiff,

v.

KEN McKEE, UNKNOWN DRAKE,
R. CARPENTER, D. JOHNSON,
K. CORNING, STEVE MENO, DAVID
DAWDY, MARILYNN SWITZER,
UNKNOWN AKAZ, L. AVERY,
UNKNOWN HULL, C. STODDARD,
S. SCHOOLEY, S. SMITH, UNKNOWN
BASHORE, ED HUNT, J. ARMSTRONG,
R. MENO, VAL HAMMOND, UNKNOWN
WALTERS,

        Defendants.
_____/

CASE NO. 1:08-CV-771

HON. ROBERT J. JONKER

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 71) and Petitioner's objection to it (docket # 72). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 Wright, Miller, & Marcus, Federal Practice and Procedure § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that the motion to dismiss filed by Dr. Meno (docket # 23) be granted as to Count I and denied as to Count II. It recommends that the motion to dismiss filed by John Dawdy and Marilyn Switzer (docket # 37) be granted as to Count I and denied as to Count II. In all other respects, it recommends dismissing the Plaintiff's claims. The Plaintiff has not objected to the Report and Recommendation. Defendants Dr. Meno, Mr. Dawdy and Ms. Switzer object to the recommended denial of their motions to dismiss the Eighth Amendment claims asserted against them in Count II. According to Defendants, the complaint fails to provide fair notice of what Plaintiff's claim is and the grounds upon which it rests. After de novo review, the Court rejects Defendants' objection and adopts the Magistrate's Report and Recommendation in all respects.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not necessary. *See, e.g.*, FED. R. CIV. P. Form 11 (describing a complaint for negligence); *cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Nevertheless, the complaint must contain more than "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

The complaint meets this low threshold. It plausibly asserts on its face a claim that Defendants violated the Eighth Amendment through their deliberate indifference to his mental health when they failed to provide for his psychiatric needs and denied him psychological therapy. *See id.*;

*cf. Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (discussing the elements of a viable Eighth Amendment claim); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (holding that the Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners). The complaint provides sufficient notice of the claim. Defendants can flesh out details in the disclosure and discovery process.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed July 23, 2009, is approved and adopted as the opinion of this Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that Dr. Steven Meno's motion to dismiss (docket # 23) is **GRANTED** as to Count I and **DENIED** as to Count II.

**IT IS FURTHER ORDERED** that John Dawdy and Marilyn Switzer's motion to dismiss (docket # 37) is **GRANTED** as to Count I and **DENIED** as to Count II.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket # 54) is **GRANTED** as to all Defendants with respect to the Fourteenth Amendment claim alleged in Count III; that the motion is **GRANTED** as to all Defendants with respect to Count VII; that the motion is **GRANTED** as to Defendants Armstrong, McKee, Stoddard, Schooley, Johnson, Carpenter, Hull, Smith, Hunt and Avery with respect to the Eighth Amendment claims alleged in Counts I, II, and V; that the motion is **GRANTED** as to Defendants Walters and Drake with respect to the Eighth Amendment claim alleged in Count IV; and, that the motion is **GRANTED** as to Defendant Bashore with respect to the Eighth Amendment claim alleged in Count I.

**IT IS FURTHER ORDERED** that Kevin Corning's motion to dismiss (docket # 63) is **GRANTED** as to the Eighth Amendment claim alleged in Count I.

**IT IS FURTHER ORDERED** that all state law claims alleged against Defendants Armstrong, McKee, Stoddard, Schooley, Johnson, Carpenter, Hull, Smith, Hunt, Walters, Drake, Bashore, Avery, and Corning are **DISMISSED** under 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** that Defendants Armstrong, McKee, Stoddard, Schooley, Johnson, Carpenter, Hull, Smith, Hunt, Walters, Drake, Bashore, Avery and Corning are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that "R. Meno" is **STRICKEN** as a Defendant in this action.

Dated:   September 10, 2009         /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE